IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE
ARBITRATION BETWEEN

| | |
|---|---|
| THE NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION On Behalf of Steve Harvey, David Alexander and Marlon Kerner<br><br>and<br><br>THE NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL On Behalf of THE BUFFALO BILLS and THE NEW YORK JETS | Civil Action No. 08-cv-3658 (PAC) |
| THE NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION On Behalf of Charles Smith, Dusty Renfro, Michael Swift and Jason Peter<br><br>and<br><br>THE NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL On Behalf of THE CAROLINA PANTHERS | |



### NFLPA'S AMENDED PETITION FOR ORDER CONFIRMING ARBITRATION AWARD AND ENTRY OF JUDGMENT THEREON

The National Football League Players Association brings this Petition for an order confirming an arbitration award rendered pursuant to a collectively-bargained grievance procedure and the entry of a judgment in conformity with the arbitration award.

## I.   **PARTIES AND JURISDICTION**

Petitioner National Football League Players Association ("NFLPA") moves to confirm the award issued by a National Football League Arbitrator on February 14, 2007 and delivered to the parties on June 6, 2007.

The NFLPA is a labor organization certified by the National Labor Relations Board as the exclusive bargaining representative of all NFL Players. The NFLPA regularly represents players employed in this judicial district for the purposes of collective bargaining.

The National Football League Management Council ("NFL Management Council") is the sole and exclusive bargaining representative of present and future employer member clubs of the National Football League ("NFL"). The Buffalo Bills, the New York Jets and the Carolina Panthers are three of the NFL's member clubs. The NFL Management Council's headquarters is located in this District.

This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331, in that it arises under Section 301 of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 185. Venue is proper in this court under 28 U.S.C. § 1391 and 29 U.S.C. § 185.[1]

---

[1] For purposes of clarity, this petition is not being brought under the Federal Arbitration Act, 9 U.S.C. § 9, but rather solely under and pursuant to Section 301 of the LRMA. Because the LMRA does not set forth any specific procedures for confirmation of arbitration awards, however, Petitioners respectfully request that the Court borrow the petition process outlined in Section 9 of the FAA, which Petitioners believe is the proper procedure for judicial confirmation of arbitration awards in cases such as this one brought under and pursuant to Section 301 of the LRMA. It is settled law that, even though the FAA does not control in cases brought pursuant to Section 301 of the LMRA, federal courts look to the FAA for guidance in labor arbitration cases. *See Coca-Cola Bottling Co. of New York, Inc. v. Soft Drink & Brewery Workers Union Local 812*, 242 F.3d 52, 54 (2d Cir. 2001) ("It may be, of course, that the body of law developed under Section

## II. BACKGROUND

The parties are bound by a Collective Bargaining Agreement ("NFL CBA") negotiated between the NFL Management Council, on behalf of the NFL clubs, and the NFLPA, on behalf of all NFL players. *See* Kaiser Decl. ¶ 2, Exh. A. Article IX of the NFL CBA contains an arbitration provision which mandates that all disputes between the parties involving the interpretation of, application of, or compliance with the NFL CBA be submitted to final and binding arbitration before a mutually selected arbitrator. Under the terms of the NFL CBA, a grievance may be initiated by a player, a member club, the NFL Management Council, or the NFLPA by filing a written notice to the opposing parties. *Id.* at Art. IX, §§ 2 & 3.

## III. FACTS

NFL players who are injured and unable to play may be entitled to a number of benefits under the CBA and the standard form employment contract ("NFL Player Contract") that, pursuant to the CBA, each player and club enters into. Paragraph 10 of the NFL Player Contract, entitled "Workers' Compensation," provides as follows: "Any compensation paid to Player under this contract or under any collective bargaining agreement in existence during the term of this contract for a period during which he is entitled to workers' compensation benefits by reason of temporary total, permanent total, temporary partial, or permanent partial disability will be deemed an advance payment of workers' compensation benefits due Player, and Club will be entitled to be reimbursed

---

301 will at times draw upon provisions of the FAA, but by way of guidance alone"); *Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co.*, Inc., No. CV-07-2005 (CPS), 2008 WL 552860, at *1 & n.3 (E.D.N.Y. Feb. 27, 2008). Therefore, Petitioners submit that the petition process is the proper procedure for bringing an action to confirm an arbitration award under the LMRA.

the amount of such payment out of any award of workers' compensation." *See* Kaiser Decl. ¶ 2, Exh. B.

On May 17, 2005, the NFLPA filed a non-injury grievance against the Buffalo Bills, the New York Jets, and the NFL Management Council, stating that claims by the Buffalo Bills and New York Jets for an offset against money paid to NFL Players Steve Harvey and David Alexander, respectively, for the entire amount of the workers' compensation benefits awarded to those players (*i.e.*, a "dollar-for-dollar" offset) violated the express language of Paragraph 10 of the NFL Player Contract and arbitral precedent under the CBA. Kaiser Decl. ¶ 3. The NFLPA claimed that Paragraph 10 of the NFL Player contract permits Clubs to take only a limited offset for the amount of workers' compensation benefits due and payable during the same period of time in which a player is deemed to be entitled to his salary under his contract (*i.e.*, a "time" offset). *Id.* ¶ 4.

On September 14, 2005, the NFLPA filed a separate non-injury grievance against the Carolina Panthers, stating that the position of the Carolina Panthers that they are entitled to claim a "dollar-for-dollar" offset against workers' compensation awards paid to players Charles Smith, Dusty Renfro, Michael Swift and Jason Peter violated the express language of Paragraph 10 of the NFL Player Contract. *Id.* ¶ 5. On September 14, 2005, the NFLPA filed an amended grievance to include NFL player Marlon Kerner as an additional grievant in its grievance against the Buffalo Bills and the New York Jets commenced on May 17, 2005. *Id.* ¶ 6.

As the parties were unable to resolve their dispute, the case proceeded to arbitration pursuant to Article IX of the NFL CBA. The NFLPA's grievance against the Carolina Panthers was consolidated with its grievance against the Buffalo Bills and the

4

New York Jets for purposes of arbitration. *Id.* ¶ 7. On January 10, 2006, an arbitration hearing was held in New York, New York before Shyam Das ("Arbitrator Das"), an Arbitrator mutually selected by the NFLPA and NFL Management Council pursuant to the CBA. *Id.* ¶ 8.

On February 14, 2007, Arbitrator Das issued a written final award ("Award"). *See id.* ¶ 9, Exh. C. By agreement of the parties reached in the summer of 2006 in connection with their new CBA, however, the final award would not be delivered to any of the parties until July 2007, after the new CBA would be in effect. *Id.* ¶ 10. Pursuant to the parties' agreement, on March 13, 2007, Arbitrator Das sent two copies of the Award enclosed in a sealed brown envelope to Special Master Stephen Burbank ("Special Master Burbank"),[2] who was to unseal the Award and provide copies of it to both the NFLPA and the NFL Management Council on July 1, 2007. *Id.* ¶ 10, Exh. D. Due to scheduling considerations, and with the agreement of the parties, on June 6, 2007, Special Master Burbank unsealed the Award and delivered the Award to both the NFLPA and the NFL Management Council.[3] *Id.* ¶ 11.

---

[2] In settling a class action lawsuit over free agency and other issues brought by a class of NFL players against the NFL and its Clubs, the parties entered into, and the District Court approved, the *White* Stipulation and Settlement Agreement (the "SSA"). *See White v. Nat'l Football League*, 92 F. Supp. 2d 918 (D. Minn. 2000). Given the nature and complexity of the SSA, the terms of which were subsequently incorporated into the parties' CBA, the District Court appointed a Special Master to adjudicate disputes regarding SSA provisions (and by extension, parallel provisions in the CBA). *See* Order Appointing Special Master (Doc. 505), *White v. Nat'l Football League*, Civ. No. 4-92-906 (D. Minn. Nov. 21, 2002).

[3] It is a "well established rule that state statutes of limitations govern actions brought under LMRA section 301." *See Harry Hoffman Printing, Inc. v. Graphic Cmmc'ns, Int'l Union, Local 261*, 912 F.2d 608, 612-13 (2d Cir. 1990). The appropriate statute of limitations for petitions to confirm arbitration awards is C.P.L.R. § 7510, which provides that a petition to confirm an arbitration award is timely if filed within one year of delivery

5

In the Opinion and Award, Arbitrator Das found that the previous binding arbitral decision in <u>Freeman v. Los Angeles Raiders</u> (Kagel 1994) "squarely held that Paragraph 10 only provides for a time offset, and not a dollar-for-dollar offset." *See* Kaiser Decl. Exh. C at 15. Arbitrator Das thus ruled that "a Club which has paid salary continuance and/or injury protection to a player who subsequently receives an award of workers' compensation would be entitled to be reimbursed on a time offset basis under Paragraph 10." *See id.* at 16.

Further, the Award declared that "[t]he decision in <u>Kyle Freeman v. Oakland Raiders</u> (Kagel 1994) holds that Paragraph 10 of the NFL Player Contract provides only for a time offset, and not for a dollar-for-dollar offset; this is a benefit or right to the player, as well as the Club; and this is the law of the shop under this CBA and is binding on all the Clubs." *See id.* at 22.

---

of the award. *See New York's Health and Human Serv. Employees Union, 1199/SEIU, AFL-CIO v. Grossman*, No. 02 CV 6031 (SLT) (JMA), 2007 WL 2907386, at *6 (E.D.N.Y. Oct. 3, 2007) ("Pursuant to section 7510, a party seeking to confirm an arbitration award must apply to the court for a confirmation order within one year after the award is delivered to him"); *1199 SEIU v. St. Luke Residential Health Care Facility, Inc.*, No. 04CV1463 (NAM/DEP), 2005 WL 1828762, at*3 (N.D.N.Y. July 26, 2005) ("For enforcement of arbitration awards pursuant to a collective bargaining agreement, the courts in this circuit held that the New York Civil Practice Law and Rules § 7510 provides the most appropriate New York state statute of limitations"). Because this Petition is brought under and pursuant to Section 301 of the LMRA and not under any other statute, and was filed less than one year after delivery of the Award to the parties, the Petition is timely.

## IV. **PRAYER FOR RELIEF**

The NFLPA therefore respectfully prays that, under and pursuant to Section 301 of the LMRA, this Court confirm the Award dated February 14, 2007 and delivered to the parties on June 6, 2007 and enter a judgment declaring that Paragraph 10 of the NFL Player Contract provides only for a time offset, and not for a dollar-for-dollar offset.

Dated: June 17, 2008

Respectfully submitted,

*/s/ Jeffrey L. Kessler*

Jeffrey L. Kessler (JL 7891)
 jkessler@dl.com
Adam J. Kaiser (AK 2122)
 akaiser@dl.com
Michelle Lo (ML 7091)
 mlo@dl.com
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019-6092

Attorneys for the National Football League Players Association

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                           SS.:
COUNTY OF NEW YORK  )

DEBRA K. SENIOR, being duly sworn, deposes and says: I am not a party to the action, am over 18 years of age and am employed by the law firm of Dewey & LeBoeuf LLP in New York New York.

On the 17th day of June, 2008, I caused the attached NFLPA'S AMENDED PETITION FOR ORDER CONFIRMING ARBITRATION AWARD AND ENTRY OF JUDGMENT THEREON via Federal Express to the parties listed below at their address designated for service of papers, as follows:

Daniel L. Nash, Esq.
Stacey R. Eisenstein, Esq.
Akin, Gump, Strauss, Hauer & Feld, LLP (DC)
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

_____
DEBRA K. SENIOR
Lic. No. 1264305

Sworn to before me this
17th day of June, 2008

_____
NOTARY PUBLIC

GEORGE SIKES WASHINGTON III
Notary Public, State of New York
No. 01SI6178651
Qualified in Suffolk County
Commission Expires December 03, 2011