IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE
ARBITRATION BETWEEN

---

| | |
|---|---|
| **THE NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION On Behalf of Steve Harvey, David Alexander and Marlon Kerner** : | Civil Action No. 08-civ-3658 (PAC) |
| **and** : | **SDNY ECF FILING** |
| **THE NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL On Behalf of THE BUFFALO BILLS and THE NEW YORK JETS** : | |

---
---

| | |
|---|---|
| **THE NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION On Behalf of Charles Smith, Dusty Renfro, Michael Swift and Jason Peter** : | |
| **and** : | |
| **THE NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL On Behalf of THE CAROLINA PANTHERS** : | |

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF RESPONDENTS' OPPOSITION
TO PETITION TO CONFIRM AND MOTION TO DISMISS PETITION TO CONFIRM**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................ 3

    I.    ACTIONS TO CONFIRM ARBITRATION AWARDS PURSUANT TO SECTION 301 OF THE LMRA ARE SUBJECT TO ARTICLE III'S CASE OR CONTROVERSY REQUIREMENTS ................................................. 3

        A.    The FAA's Summary Confirmation Procedures Do Not Supplant the Jurisdictional Requisites Under the LMRA ........................................... 3

        B.    The Cases Cited by the NFLPA Demonstrate that Section 301 Confirmation Requires a Concrete Dispute Between the Parties ................ 5

    II.    THE AWARD IS NOT FINAL AND BINDING ...................................................... 8

CONCLUSION ....................................................................................................................... 10

**TABLE OF AUTHORITIES**

**CASES**

*1199 SEIU, New York's Health & Human Servs. Union v. St. Luke Residential Health Care Facility, Inc.*, No. 04CV1463 (NAM/DEP), 2005 WL 1828762 (N.D.N.Y. July 26, 2005) ................................................................................6

*Am. Nursing Home v. Local 144 Hotel, Hosp., Nursing Home & Allied Servs. Union*, 1992 WL 47553 (S.D.N.Y. Mar. 4, 1992) ...............................................................5

*Coca-Cola Bottling Co. of N.Y., Inc. v. Soft Drink & Brewery Workers Union Local 812*, 242 F.3d 52 (2d Cir. 2001) ........................................................................1, 2, 4

*Derwin v. Gen. Dynamics Corp.*, 719 F.2d 484 (1st Cir. 1983) ................................................7

*Dist. Council No. 9 v. APC Painting, Inc.*, 272 F. Supp. 2d 229 (S.D.N.Y. 2003) ...........................6

*Gary v. Roadway Express, Inc.*, 941 F. Supp. 94 (N.D. Ill. 1996) ..............................................9

*General Drivers, Warehouseman and Helpers, Local Union No. 89 v. Riss & Co.*, 372 U.S. 517 (1963) ........................................................................................2, 9

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 128 S. Ct. 1396 (2008).................................................5

*Hellman v. Program Printing, Inc.*, 400 F. Supp. 915 (S.D.N.Y. 1975) .........................................8

*HRH Constr., L.L.C. v. Local No. 1, Int'l Union of Elevator Constructors*, No. 03 Civ. 8944 (DC), 2005 WL 31948 (S.D.N.Y. Jan. 5, 2005) ........................................5, 7

*Jamaica Buses, Inc. v. Transp. Workers' Union*, No. 02CV2533(SJ), 2003 WL 1621026 (S.D.N.Y. Mar. 26, 2003) ...............................................................................6

*Local 802 Assoc. Musicians of Great N.Y. v. Parker Meridian Hotel*, 145 F.3d 85 (2d Cir. 1998)..........................................................................................................6

*New York City Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.*, No. 03 Civ. 5122(DAB), 2003 WL 22773355 (S.D.N.Y. Nov. 21, 2003)................................................................................................................6

*Ono Pharm. Co., Ltd. v. Cortech, Inc.*, No. 03 Civ. 5840 SAS, 2003 WL 22481379 (S.D.N.Y. Nov. 3, 2003)...................................................................................5

*Otis Elevator Co. v. Local 1, Int'l Union of Elevator Constrs.*, No. 03 Civ. 8862(DAB), 2005 WL 2385849 (S.D.N.Y. Sept. 23, 2005) .........................................5, 6

*Ottley v. Schwartzberg*, 819 F.2d 373 (2d Cir. 1987) ..........................................................1, 5, 6, 7

*Photopaint Tech., LLC v. Smartlens Corp.*, 207 F. Supp. 2d 193 (S.D.N.Y. 2002), *rev'd on other grounds*, 335 F.3d 152 (2d Cir. 2003) ...............................................4

*Photopaint Tech., LLC v. Smartlens Corp.*, 335 F.3d 152 (2d Cir. 2003) .........................................4

*Signal-Stat Corp. v. Local 475, United Elec., Radio & Mach. Workers*, 235 F.2d 298 (2d Cir. 1956) ...................................................................................................5

*Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co., Inc.*, 545 F.
    Supp. 2d 260 (E.D.N.Y. 2008) ...................................................................................6
*United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29 (1987)............................7
*Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200 (2d Cir. 2002)...............................1, 4

**PRELIMINARY STATEMENT**

This Court lacks jurisdiction to confirm the arbitration award at issue in the National Football League Players Association's ("NFLPA") Petition to Confirm ("Petition"). As explained in Respondent's Opposition to the Petition to Confirm and Motion to Dismiss the Petition to Confirm ("Motion to Dismiss"), courts may not confirm arbitration awards under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA or Section 301"), where, as here, there is no case or controversy.

The NFLPA does not contend that there is any dispute between the parties. To the contrary, it is undisputed that all of the claims asserted in the underlying arbitration proceeding have been settled. The only *potential* dispute between the parties is the extent to which the Arbitrator's underlying decision may be asserted as precedent in *future* arbitration cases, which cannot occur until 2010 at the earliest and which may *never* occur depending upon the outcome of future collective bargaining negotiations. In accordance with well-settled law, such a hypothetical dispute is plainly insufficient to create subject matter jurisdiction. Accordingly, the Petition should be denied, and this action should be dismissed.

Although the NFLPA originally filed the Petition under the Federal Arbitration Act ("FAA"), it has since been forced to concede that the LMRA, and not the FAA, exclusively governs disputes regarding arbitration awards issued pursuant to collective bargaining agreements like the one at issue here. Nevertheless, in its opposition, the NFLPA cites *Ottley v. Schwartzberg*, 819 F.2d 373 (2d Cir. 1987) as the "controlling authority" in the Second Circuit on petitions to confirm under the LMRA. However, *Ottley* was decided exclusively under the FAA, and it predates the controlling Second Circuit precedent that the FAA is "no longer applicable to actions to enforce arbitration awards brought pursuant to § 301 of the LMRA." *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 221-22 (2d Cir. 2002) (citing *Coca-Cola*

1

*Bottling Co. of N.Y., Inc. v. Soft Drink & Brewery Workers Union Local 812*, 242 F.3d 52, 54 (2d Cir. 2001)). Indeed, as the very cases cited by the NFLPA recognize, guidance may be drawn from confirmation decisions under the FAA only as they pertain to courts' limited scope of review of arbitration awards. These cases do not, as the NFLPA suggests, stand for the proposition that *jurisdictional* requirements of the FAA may be "borrowed" in confirmation proceedings under the LMRA. For this reason, neither *Ottley*, nor any other case cited by the NFLPA, establishes that arbitration awards may be confirmed under the LMRA in the absence of a case or controversy.

The NFLPA argues that Respondents "ignored" the settled law in the Second Circuit establishing that "an arbitral award may be confirmed under Section 301 regardless of whether the parties have complied with it." Docket Entry ("DE") 16 at 9-12. However, contrary to the NFLPA's characterizations, Respondents do not assert that noncompliance is a jurisdictional prerequisite to confirmation of an arbitration award under Section 301. Rather, as explained in Respondent's Motion to Dismiss, Article III requires an actual dispute between the parties which *could* be grounded in noncompliance, but may also stem, for example, from efforts by one party to vacate an award. Thus, in *every single* case cited by the NFLPA where a court confirmed an award, there was a dispute between parties. *See id.* at 9-12. Such a dispute does not exist here.

The NFLPA also has not demonstrated that the Award is final and binding. To the contrary, despite its admission that the Award will not go into effect as precedent for future cases until 2010 and, in fact, may be rendered "void" as a result of collective bargaining negotiations, the NFLPA argues that it is "ridiculous" for Respondents to claim that the Award is not final and binding for purposes of confirmation. Rather than cite any cases to support this proposition, the NFLPA dismisses as not "even remotely on point" the Supreme Court's decision in *General Drivers, Warehouseman and Helpers, Local Union No. 89 v. Riss & Co.*, 372 U.S. 517, 518-19

2

(1963), despite the fact that this decision firmly establishes that arbitration awards must be final and binding for purposes of Section 301 confirmation.

Finally, recognizing that it has not satisfied the case or controversy or final and binding prerequisites for Section 301 confirmation, the NFLPA asserts that its Petition should nonetheless be confirmed because the NFLPA and the NFL Management Council jointly obtained confirmation under the FAA in another case in a different jurisdiction. Even assuming that the circumstances of confirmation in that case were entirely analogous to the instant Petition, which they are not, the actions of Respondents over three years ago in a different case in a different jurisdiction has no bearing on the Court's jurisdiction over the instant Petition. Accordingly, and as explained more fully below, the NFLPA's Petition should be denied and the Petition to Confirm should be dismissed.

## ARGUMENT

### I. ACTIONS TO CONFIRM ARBITRATION AWARDS PURSUANT TO SECTION 301 OF THE LMRA ARE SUBJECT TO ARTICLE III'S CASE OR CONTROVERSY REQUIREMENTS

#### A. The FAA's Summary Confirmation Procedures Do Not Supplant the Jurisdictional Requisites under the LMRA

This Court lacks jurisdiction to confirm the Award because the NFLPA's Petition presents no case or controversy. The NFLPA does not challenge Respondents' assertion that there is no concrete dispute between the parties regarding the Award. Rather, in an apparent effort to circumvent the Article III case or controversy requirement, the NFLPA argues that the Court should "borrow the summary confirmation procedures set forth in the FAA." DE 16 at 20 n.19. In fact, although counsel for the NFLPA represented to the Court at the pre-motion conference that its Petition was not brought under the FAA and subsequently amended its Petition to remove

3

language stating that it was brought "pursuant to the Federal Arbitration Act, 9 U.S.C. § 9," the NFLPA relies almost exclusively on cases arising under the FAA.[1]  *See* DE 17, Ex. F at 6-8.

However, the Second Circuit has made clear that "in cases brought under Section 301 of the Labor Management Relations Act . . . the FAA does not apply."  *Coca-Cola*, 242 F.3d at 53.  Indeed, the Court has expressly held that "the FAA is no longer applicable to actions to enforce arbitration awards brought pursuant to § 301 of the LMRA."  *Westerbeke Corp.*, 304 F.3d at 221-22 (citing *Coca-Cola*, 242 F.3d at 53).  As the Second Circuit has explained, parties in the past have had "an unfortunate tendency . . . to conflate review of awards under the FAA and under § 301" despite the fact that Section 301 establishes a substantive body of law "analytically distinct from the FAA . . . ."  *Id.* (citing *Coca-Cola*, 242 F.3d at 54).  Thus, the court has warned, "it would be an error to collapse the analysis under the two statutes" and any consideration of the FAA in actions brought under the LMRA must be "by way of guidance alone."  *Coca-Cola*, 242 F.3d at 54-55 (citations omitted); *Westerbeke*, 304 F.3d at 222.  For this reason, even assuming that the case or controversy requirement does not apply to confirmation proceedings under the FAA, the summary confirmation procedures set forth in Section 9 of the FAA have no bearing on this Court's jurisdiction to confirm an award brought under the LMRA.

---

[1] Notably, were the FAA's procedures applicable to the instant Petition as the NFLPA requests, it would be untimely.  Actions to confirm arbitration awards pursuant to Section 9 of the FAA must be brought "within one year after the award is *made*."  9 U.S.C. § 9 (emphasis supplied).  In the Second Circuit, the FAA's language setting forth a one-year time period is mandatory, and not permissive.  *See Photopaint Tech., LLC v. Smartlens Corp.*, 335 F.3d 152, 158 (2d Cir. 2003).  Further, an award is "made" under the FAA when the arbitrator "decide[s] the dispute before him," and not when the award is delivered.  *See Photopaint Tech., LLC v. Smartlens Corp.*, 207 F. Supp. 2d 193, 203-04 (S.D.N.Y. 2002), *rev'd on other grounds*, 335 F.3d 152, 158 (2d Cir. 2003).  The NFLPA brought its Petition on April 16, 2008, more than a year from the time the Award was made, in February 2007.  The NFLPA cannot avail itself of the streamlined procedural requirements of the FAA, and at the same time take advantage of the more favorable statute of limitations applicable to actions brought pursuant to Section 301.

Ignoring this well-settled authority, the NFLPA relies on cases decided *solely* under the FAA to argue that confirmation under the LMRA is a "routine" and a "summary procedure" that does not require a case or controversy to establish jurisdiction. *See* DE 16 at 1-2, 9-12, 16 n.11 (citing *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 128 S. Ct. 1396 (2008); *Ottley*, 819 F.2d at 373; *Ono Pharm. Co., Ltd. v. Cortech, Inc.*, No. 03 Civ. 5840 SAS, 2003 WL 22481379 (S.D.N.Y. Nov. 3, 2003)). However, although the NFLPA correctly notes that courts in the Second Circuit may look to the FAA for "guidance" in actions brought under the LMRA, it fails to acknowledge they have done so only "to the extent that both [the FAA and LMRA] recognize the importance of arbitration and provide for limited judicial review of arbitral decisions." *See Otis Elevator Co. v. Local 1, Int'l Union of Elevator Constructors*, No. 03 Civ. 8862 (DAB), 2005 WL 2385849 (S.D.N.Y. Sept. 23, 2005) (internal quotations omitted); *see also* DE 16 at 8 (citing *HRH Constr., L.L.C. v. Local No. 1, Int'l Union of Elevator Constructors*, No. 03 Civ. 8944 (DC), 2005 WL 31948, at 4 (S.D.N.Y. Jan. 5, 2005) (looking to FAA principles for guidance on whether to vacate award)). Because the standard of judicial review is not implicated here, these cases are inapposite and irrelevant.[2]

### B. The Cases Cited by the NFLPA Demonstrate that Section 301 Confirmation Requires a Concrete Dispute Between the Parties

Regardless of whether the Court may look to decisions under the FAA for guidance, the NFLPA fails to cite a single case, under the FAA or the LMRA, in which a court has exercised

---

[2] At least two of the cases cited by the NFLPA are similarly inapposite and unpersuasive to the extent they preceded the Second Circuit's decision in *Coca-Cola* and collapse review under the two statutes. *See, e.g.*, *Ottley*, 819 F.2d at 373; *Am. Nursing Home v. Local 144 Hotel, Hosp., Nursing Home & Allied Servs. Union*, 1992 WL 47553 (S.D.N.Y. Mar. 4, 1992). As the Second Circuit explained, *Coca-Cola* expressly overruled its prior decision in *Signal-Stat Corp. v. Local 475, United Elec., Radio & Mach. Workers*, 235 F.2d 298 (2d Cir. 1956) which had recognized the application of the FAA to collective bargaining agreements.

jurisdiction under Section 301 to confirm an arbitration award in the absence of a case or controversy. For example, in describing *Ottley* as "the controlling authority in this circuit," the NFLPA explains: "Ottley contended that the employer failed to pay the amounts owed, and he filed a petition to confirm the award." *See* DE 16 at 9-10 (citing *Ottley*, 819 F.2d at 375). The court in *Otis Elevator*, which the NFLPA also cites as authority establishing that that no case or controversy is required, similarly involved cross-motions to confirm and vacate an award. In fact, *every case* cited by the NFLPA in support of its contention that Section 301 confirmation is not subject to the case or controversy requirements involves a concrete dispute between parties.[3]

The NFLPA argues Respondent's Motion to Dismiss should be denied because a showing of "noncompliance" is not required to obtain confirmation under Section 301. *See* DE 16 at 9-12. However, Respondents do not contend that Article III requires a showing of *noncompliance* with the Award; rather, Respondents maintain that Article III requires a concrete dispute between the parties. Indeed, although a party's noncompliance with an award may satisfy Article III's jurisdictional prerequisites, a party's failure to comply is not synonomous with a case or

---

[3] *See, e.g.*, DE 16 at 7 (citing *Local 802 Assoc. Musicians of Great N.Y. v. Parker Meridian Hotel*, 145 F.3d 85 (2d Cir. 1998) (employer refused to abide by arbitration award, and union filed petition to confirm)); at 11 (citing *Dist. Council No. 9 v. APC Painting, Inc.*, 272 F. Supp. 2d 229 (S.D.N.Y. 2003) (parties disputed whether employers had satisfied payment of arbitration award)); at 8, 9, 11 (citing *Otis Elevator Co. v. Local 1, Int'l Union of Elevator Constrs.*, No. 03 Civ. 8862(DAB), 2005 WL 2385849 (S.D.N.Y. Sept. 23, 2005) (employer filed petition to confirm, and union filed counterclaim seeking to vacate the award)); at 11-12 (citing *1199 SEIU, New York's Health & Human Servs. Union v. St. Luke Residential Health Care Facility, Inc.*, No. 04CV1463 (NAM/DEP), 2005 WL 1828762 (N.D.N.Y. July 26, 2005) (employer refused to acknowledge clarification of arbitration award and persisted in incorrectly calculating wage increases)); at 12 (citing *Jamaica Buses, Inc. v. Transp. Workers' Union*, No. 02CV2533(SJ), 2003 WL 1621026 (S.D.N.Y. Mar. 26, 2003) (employer sought to set aside arbitration award, and union cross-moved to confirm)); at 8 (citing *Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co., Inc.*, 545 F. Supp. 2d 260 (E.D.N.Y. 2008) (determining amount of attorneys' fees owed to party who brought petition to confirm where employer failed to comply with award)); at 7 (citing *New York City Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.*, No. 03 Civ. 5122(DAB), 2003 WL 22773355 (S.D.N.Y. Nov. 21, 2003) (employer did not comply with terms of arbitration award)).

controversy, but merely one scenario from which a concrete dispute may arise. Thus, as the cases relied on by the NFLPA illustrate, controversies also may stem from cross motions to vacate and confirm an award, *see, e.g.*, *HRH Constr., L.L.C.*, 2005 WL 31948, at *1, or where a party seeks to confirm an award and disputes assertions by the other party that its obligations under the award have been satisfied, *see Ottley*, 819 F.2d at 374-75. No such dispute exists here.

       The NFLPA's attacks on the First Circuit's decision in *Derwin* are similarly misplaced. *See Derwin v. Gen. Dynamics Corp.*, 719 F.2d 484 (1st Cir. 1983). The NFLPA asserts that *Derwin's* recognition that Section 301 requires a case or controversy for confirmation is the "exact opposite" of the reasoning employed by the Second Circuit in *Ottley* and therefore not persuasive. In fact, *Ottley* was decided entirely under the FAA before the Second Circuit's decision in *Coca-Cola* and makes no mention whatsoever of the LMRA. Moreover, contrary to the NFLPA's characterizations, the decision in *Ottley* does not pertain to whether a showing of noncompliance or any other controversy is required for confirmation, but instead addresses whether the district court properly remanded the arbitration award to the arbitrator to monitor compliance. Thus, *Ottley* is not in conflict with *Derwin* as the NFLPA contends, nor does it support the NFLPA's claim that Article III's case or controversy requirements do not apply to Section 301 confirmation proceedings.

       Relying on Sections 9 and 13 of the FAA, the NFLPA's further asserts that *Derwin* is at odds with "the point of arbitration" which is to resolve grievances by means of awards that have the "legitimacy of . . . a judicial resolution." *See* DE 16 at 14-15. In fact, the LMRA reflects "a decided preference for private settlement of labor disputes without the intervention" of the courts. *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37 (1987). Thus, as the First Circuit in *Derwin* explained, to the extent actual disputes related to the Award arise in the future, the NFLPA would be free at that time to initiate a new grievance. *Id.* at 491-

7

93 (citations omitted).[4]  However, in the absence of a current dispute, the Court should refrain from exercising jurisdiction over the NFLPA's Petition.

## II.    THE AWARD IS NOT FINAL AND BINDING

Even assuming the NFLPA could somehow satisfy the justiciability arguments of Article III by pointing to a case or controversy, its Petition nevertheless should be dismissed because all of the underlying grievances have been settled, and the parties have agreed that the decision cannot be used as precedent for future cases until at least 2010.  The NFLPA even concedes that the Award may be rendered void by collective bargaining negotiations prior to its implementation yet argues that the Award is final and binding because it "will" go into effect in 2010.  Although the NFLPA is correct that there "is nothing left for the arbitrator to do," it completely ignores the parties' settlement agreement, which states the Award will not go into effect until 2010, "*at which time*" it "will constitute the full, final and complete disposition of the grievance and will be binding upon the Players and the Clubs."  *See* DE 15 at Ex. 1.[5]  Nor does the NFLPA cite any

---

[4] The NFLPA's argument that New York courts follow a "contrary approach" to *Derwin* which allows for confirmation of awards in the absence of noncompliance is equally unavailing. DE 16 at 14, 17 n.16.  In support of this contention, the NFLPA cites the 1975 decision in *Hellman v. Program Printing, Inc.*, 400 F. Supp. 915 (S.D.N.Y. 1975).  There, the arbitration award required an employer to reinstate an employee to work on a particular project.  *Id.* at 916-17.  Between the filing of the grievance and the issuance of the award, the employer lost the contract for the project and did not re-hire the employee.  *Id.* at 917.  "Asserting noncompliance," the union brought the petition for enforcement.  *Id.*  The employer claimed that the union's petition involved issues outside the scope of the original award and that enforcement was inappropriate.  *Id.*  Relying solely on statutory grounds set forth in the FAA, the court granted the union's request for confirmation but denied its request for enforcement, finding that "the issue of whether the [employer] must again rehire [the employee], in light of the alleged change in circumstances, is a proper subject for arbitration."  *Id.* at 917-18.

[5] The NFLPA's contention that Respondents' reliance on the 2006 Letter Agreement is improper has no merit.  The NFLPA itself made reference to the Agreement in its Petition and, in fact, relies on its terms to argue that the Petition is timely.  DE 1 at 4-5; DE 16 at 24 n.23.  Accordingly, the NFLPA's assertion that Respondents have violated the terms of the agreement by relying on it in its Motion to Dismiss must be rejected.

8

cases supporting the proposition that an award that is not currently in effect and which may never go into effect constitutes a final and binding decision ripe for confirmation under the LMRA.[6]

For this reason, the NFLPA cannot establish, as it must to state a claim under the LMRA, that the Award is final and binding and that Respondents have breached the parties' collective bargaining agreement. *See Gen. Drivers, Warehousemen & Helpers, Local Union No. 89 v. Riss & Co.*, 372 U.S. 517, 520 (1963). In fact, courts have recognized that suits under Section 301 cannot be maintained where the conditions precedent to an award's taking effect have not been satisfied. In *Gary v. Roadway Express, Inc.*, 941 F. Supp. 94, 95 (N.D. Ill. 1996), for example, an employee brought suit under Section 301, seeking an order for reinstatement based on an arbitration award that required reinstatement after the employee received medical clearance. Because the employee had not received medical clearance at the time he filed suit, the court dismissed the action based on the absence of a case or controversy: "That is, the condition precedent to [the employee's] reinstatement has not yet occurred, so it is impossible for [the employer] to have breached the collective bargaining agreement." *Id.* at 96-97. Because the Award at issue here similarly has yet to take effect, no breach of the parties' CBA could possibly have occurred, and the NFLPA therefore cannot state a claim under Section 301.

---

[6] The NFLPA's attempt to compensate for the deficiencies in its Petition by introducing a petition filed jointly by the parties in an unrelated matter in Texas almost three years ago is equally unavailing. *See* DE 16 at 18-21; DE 17 at Ex. D. Not only is the NFLPA's reliance on this petition irrelevant, but the petition itself is distinguishable in that the Award was final and binding upon the parties at the time of confirmation.

## CONCLUSION

For the foregoing reasons, the Management Council requests that this Court deny the NFLPA's Petition to Confirm and dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Dated: August 18, 2008　　　　　　　　　　Respectfully submitted,
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　**AKIN GUMP STRAUSS HAUER & FELD LLP**

　　　　　　　　　　　　　　　　　　　　By:  /s/  Daniel L. Nash
　　　　　　　　　　　　　　　　　　　　　　Daniel L. Nash
　　　　　　　　　　　　　　　　　　　　　　Stacey R. Eisenstein
　　　　　　　　　　　　　　　　　　　　　　*Admitted Pro Hac Vice*
　　　　　　　　　　　　　　　　　　　　　　1333 New Hampshire Avenue, N.W.
　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　　　　　(202) 887-4000 (Telephone)
　　　　　　　　　　　　　　　　　　　　　　(202) 887-4288  (Facsimile)
　　　　　　　　　　　　　　　　　　　　　　dnash@akingump.com
　　　　　　　　　　　　　　　　　　　　　　seisenstein@akingump.com

　　　　　　　　　　　　　　　　　　　　　　Sean E. O'Donnell (SO-5005)
　　　　　　　　　　　　　　　　　　　　　　590 Madison Avenue
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10022-2524
　　　　　　　　　　　　　　　　　　　　　　(212) 872-1000 (Telephone)
　　　　　　　　　　　　　　　　　　　　　　(212) 872-1002 (Facsimile)
　　　　　　　　　　　　　　　　　　　　　　sodonnell@akingump.com

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Respondents The National Football League Management Council, Buffalo Bills, New York Jets, and Carolina Panthers*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Reply In Support Of Opposition to Petition to Confirm and Motion to Dismiss Petition to Confirm was served this 18th day of August, 2008 via the ECF filing system (registered users) on the following:

>Jeffrey L. Kessler
>Adam J. Kaiser
>Michelle Lo
>DEWEY & LEBOEUF LLP
>1301 Avenue of the Americas
>New York, New York 10019-6092

                              /s/
                       Stacey R. Eisenstein

11