```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 26, 2009
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

THE NATNATIONAL FOOTBALL LEAGUE     :
PLAYERS ASSOCIATION,
                                    :
            Petitioner,                 08 Civ. 3658 (PAC)
                                    :
    -against-                           OPINION & ORDER
                                    :
THE NATIONAL FOOTBALL LEAGUE
MANAGEMENT COUNCIL,                 :

            Respondent.             :

------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

Petitioner National Football League Players Association ("NFLPA") petitions to confirm a 2007 labor arbitration award ("the Award") and to enter judgment thereon. The arbitration award arises from a dispute between the NFLPA and the Respondent National Football League Management Council ("NFL Management Council").[1] The Award interpreted the Collective Bargaining Agreement ("CBA") and the standard NFL Player Contract as to the treatment of workers' compensation payments made to injured players.

NFL Management Council opposes NFLPA's petition on two grounds. First, it claims that the Court lacks jurisdiction to confirm the award under the Labor Management Relations Act ("LMRA") because NFLPA has failed to demonstrate the existence of a case or controversy making confirmation necessary. Second, NFL

---

[1] The NFLPA is the bargaining representative for all NFL players. The NFL Management Council is the bargaining representative for all NFL teams. Both the NFLPA and NFL Management Council are bound by the NFL's Collective Bargaining Agreement ("CBA"), which contains mandatory grievance and arbitration procedures.

Management Council argues that confirmation is inappropriate because the Award is not "final and binding."

## BACKGROUND[2]

On May 17, 2005, the NFLPA filed a grievance against the Buffalo Bills and New York Jets on behalf of two injured players, Steve Harvey and David Alexander. The Bills and Jets had claimed offsets for the entire amount of workers' compensation benefits they paid to Harvey and Alexander—i.e., the Bills and Jets claimed a "dollar-for-dollar" offset. The NFLPA argued that a dollar-for-dollar offset deprived injured players of certain benefits to which they were otherwise entitled. The NFLPA contended that under the terms of the CBA and the NFL Player Contract, teams are only entitled to a limited offset for the amount of workers' compensation benefits due and payable during the period of time in which a player is deemed to be entitled to his salary under his contract—i.e., a "time offset." The monetary spread between dollar-for-dollar offsets and time offsets is significant.

On September 15, 2005, the NFLPA brought a similar grievance action against the Carolina Panthers on behalf of players Charles Smith, Dusty Renfro, Michael Swift and Jason Peter. Again, the NFLPA argued that the Panthers' claimed dollar-for-dollar offset was inappropriate and that they were entitled only to a time offset.

For the purpose of arbitration pursuant to the CBA, the NFLPA's grievances against the Bills, Jets, and Panthers were consolidated. On January 10, 2006, the parties participated in an arbitration hearing in New York.

---

[2] The facts in this section are taken from the Declaration of Adam J. Kaiser in support of NFLPA's Amended Petition ("Kaiser Decl.") and Respondent NFL Management Council's Memorandum in Opposition to Confirmation ("Resp. Mem."). The facts are not disputed.

2

On October 10, 2006, prior to the arbitration decision, the NFLPA and NFL Management Council agreed to settle the claims of the individual players as part of a broader agreement to modify the CBA.  In addition, the parties agreed that the arbitration decision (which had yet to be made) could not be used as precedent in future disputes until the CBA reached its "Final League Year," which the parties agreed would be 2010.

The arbitrator issued the Award on February 14, 2007.  Pursuant to an earlier agreement, the Award was not unsealed and delivered to the parties until June 6, 2007.  The Award found in favor of the NFLPA and held that the teams were only entitled to a time offset of workers' compensation payments, and not the dollar-for-dollar offset which the NFL Management Council sought.

NFLPA commenced the current action on April 16, 2008, by filing their original Petition to confirm the Award "pursuant to the Federal Arbitration Act."  Following a pre-motion conference before this Court, NFLPA filed its Amended Petition "under and pursuant to" Section 301 of the LMRA.

## DISCUSSION

First, the NFL Management Council opposes the confirmation of the Award and, pursuant to Rules 12(b)(1) and (b)(6), moves to dismiss for lack of subject matter jurisdiction and failure to state a claim.  Specifically, Respondent argues that there is no present case or controversy since the arbitrated dispute has already been resolved and the Award, by its terms, is not effective until 2010, and may never be effective.  Second, NFL Management Council argues that NFLPA fails to state a claim under the LMRA because the Award is not "final and binding."

3

**I.      Whether confirmation of the Award requires a "case or controversy"**

The Management Council maintains that arbitration awards under the LMRA cannot be confirmed unless the petitioner alleges the existence of a case or controversy. In order to satisfy the case or controversy requirement, the petitioner must demonstrate that the respondent undertook some action that was inconsistent with the arbitrator's award. In the present case, NFLPA can demonstrate no more than a "hypothetical grievance" because the underlying disputes with the players have been settled, NFL Management Council has not challenged or disputed the Award, and, in any event, the Award will not be binding precedent until 2010.

NFLPA argues that federal courts have jurisdiction to confirm arbitral awards under Section 301 of the LMRA. While Section 301 does not contain its own confirmation procedures, courts frequently look to the procedures contained in the Federal Arbitration Act ("FAA"), under which confirmation is a "summary procedure." Moreover, NFLPA argues that non-compliance with an arbitral award is not a prerequisite to confirmation. In other words, NFLPA urges the Court in the present matter to view confirmation of the Award as a routine procedure; the Management Council's objections are specious and have no sound basis in law.

**II.     Whether the Award is "final and binding"**

The Management Council argues that confirmation of labor arbitration awards may occur only when such awards are "final and binding" under the terms of the governing collective bargaining agreement. Further, it argues that a party bringing an action for confirmation under LMRA Section 301 must demonstrate an actual breach of the collective bargaining agreement on the part of the respondent.

NFLPA argues that the Award is clearly final and binding: "[t]he Award itself is final, leaving for no further proceedings. There is nothing left for the arbitrator to do." The fact that the Award cannot be utilized until 2010 does not mean that the Award is not final and binding. The 2010 date is merely part of the Award.

**III.   Analysis**

The Court recognizes, as it must, that labor arbitration cases, brought under § 301 of the Labor Management Relations Act, are not subject to Federal Arbitration Act procedures. Coca-Cola Bottling Co. of NewYork, Inc. v. Soft Drink and Brewery Workers Union Local 312, 242 F.3d 52 (2d Cir. 2001). But that does end the inquiry. The real question is whether under § 301 the Court should impose a new requirement that, in addition to the dispute which clearly exists between the parties on the treatment of workers' compensation awards, one of the parties must raise a new dispute in order to have the arbitral award confirmed.

Phrased a different way: can one party to an arbitration dispute defeat or frustrate confirmation simply by claiming acquiescence with the Award? The Management Council cites no good reason for adopting that policy. It relies most heavily on Derwin v. General Dynamics Corp., 719 F.2d 484 (1st Cir. 1983). In Derwin, the petitioner union brought an action under Section 301 of the LMRA to confirm an arbitral award that the respondent company had not "repudiated or violated." Id. at 490. The court dismissed the petition, finding that, in the absence of an actual dispute, the union merely was asking it "to put its imprimatur upon an arbitral award in a vacuum." Id. at 491.

The chief issue in Derwin was whether the union's petition for confirmation was timely under the relevant statute of limitations. See Derwin, 719 F.2d at 489-90. Having

determined that the district court erred in holding that the petition was barred by the statute of limitations, the court then turned to a substantive evaluation of the petition itself—it denied the petition on the grounds that no case or controversy existed, but in so doing it also recognized that courts in other jurisdictions, including New York, took the opposite approach. Id. at 491.

The Derwin Court did recognize the need for finality in arbitration awards. Here, the parties have agreed that the Award will not be effective until 2010, but by then, the applicable one year statute of limitations on enforcement of the arbitral Award will have expired.[3] Thus, the NFLPA would be compelled to resort to arbitration again—as it has been forced to do twice before on the workers' compensation issue.[4] Derwin is instructive here, as well: "a party should be entitled to obtain judicial confirmation in order to protect its rights under the award from lapse due to the passage of time." Id. at 492.

The law in the Second Circuit is that § 301 may be invoked to confirm labor arbitration awards regardless of whether the parties have complied with the award:

> Contrary to Respondent's argument that the Court lacks jurisdiction because Respondent has complied with the arbitration award, Section 301's jurisdiction provision is not contingent upon a party's non-compliance.

---

[3] "The Second Circuit has held that the timeliness of a petition to confirm or vacate an arbitration award under the LMRA is based on the appropriate state statute of limitations." New York's Health & Human Serv. Employees Union, 1199/SEIU, AFL-CIO v. Grossman, No. 02 CV 6031 (SLT) (JMA), 2007 WL 2907386, at *6 (E.D.N.Y. Oct. 3, 2007). In New York, under C.P.L.R. § 7510, a petition to confirm an arbitration award is timely if it is filed within one year of delivery of the award. Id.

[4] In addition to the arbitration underlying the present matter (see Kaiser Decl. Ex. C (Arbitrator's Opinion and Award in In the Matter of the National Football League Players Association and The National Football League Management Council, Feb. 14, 2007)), the parties also arbitrated a similar matter involving Texas state workers' compensation laws in 2004. (See Declaration of Michelle Lo ("Lo Decl.") Ex. D (Joint Petition to Confirm Arbitration Award in In the Matter of the National Football League Players Association and The National Football League Management Council, the Dallas Cowboys, and the Houston Texans, No. 3-05-CV-2298G (N.D. Tex. 2005)).)

Otis Elevator Co. v. Local 1, Int'l Union of Elevator Constructors, No. 03-Civ.-8862 (DAB), 2005 WL 2385849, at *4 n.2 (S.D.N.Y. Sept. 23, 2005) (citing Ottley v. Schwartzberg, 819 F.2d 373 (2d Cir. 1987)).

Arbitration awards, which clearly involve disputed cases and controversies between the parties as this matter does, may be confirmed without a new dispute arising subsequent to the award. Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984); American Nursing Home & Local 144 Hotel Hospital Nursing Home & Allied Services Union, SEIV AFLCIO No. 89 Civ. 1704 (DNE), 1992 WL 47553 (S.D.N.Y. Mar. 4, 1992) (confirming arbitration awards even with no current dispute).

As to finality, while the Award's effective date is the 2010 season, the Award itself is final. There is nothing further to be done. And, if there is nothing further to be done, the matter is final.

Accordingly, the Respondent's Motion to Dismiss the NFLPA's petition is DENIED. The Court hereby confirms the Award dated February 14, 2007 and delivered to the parties on June 6, 2007. The Clerk of Court shall enter judgment declaring that Paragraph 10 of the NFL Player Contract provides only for a time offset, and not for a dollar-for-dollar offset.

Dated: New York, New York
       March 26, 2009

SO ORDERED

/s/ Paul A. Crotty

PAUL A. CROTTY
United States District Judge